IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| CARLOS A. RIVAS, | § § § | |
| Plaintiff, | § § | CIVIL ACTION NO. 1:22-cv-01099 |
| v. | § § | |
| AUSTIN GELATO PARTNERS, LLC and MATTHEW MENZIES LEE, | § § § § | JURY DEMANDED |
| Defendants. | § § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

COMES NOW, CARLOS A. RIVAS ("Plaintiff"), and brings suit against AUSTIN GELATO PARTNERS, LLC and MATTHEW MENZIES LEE ("Defendants"), for breach of contract, violations of the Fair Labor Standards Act, violations of 42 U.S.C. § 1981, and other claims. In support of such claims, Rivas would show as follows:

**I. PARTIES**

1. Carlos A. Rivas Samano ("Rivas") is a Mexican national from Ciudad de México. Throughout the events creating Rivas's claims in this lawsuit, he was living and working in Travis County, Texas through a Temporary Worker (TN) visa. He is a current resident of Travis County, Texas.

2. Austin Gelato Partners, LLC ("Austin Gelato Partners") is a Delaware-registered limited liability company, previously registered in and doing business in the state of Texas. On July 26, 2017, Austin Gelato Partners, LLC became first registered as an LLC in the state of Delaware. On April 23, 2020, Austin Gelato Partners, LLC registered in the state of Texas as a foreign LLC doing business in Texas. On June 24, 2022, the Texas Secretary of State declared Austin Gelato

Partners, LLC's charted forfeited based on tax forfeiture grounds. As of the date of filing of this lawsuit, Austin Gelato Partners, LLC had not obtained reinstatement with the state of Texas. To Plaintiff's knowledge, the two members of the LLC are Defendant Lee and Michael G. MacDougall. The business operation has been headquartered in Austin, Texas throughout the events relevant to this suit. Austin Gelato Partners may be served with summons by serving its registered agent, Matthew M. Lee at 2400 Tower Drive, Austin, TX 78703-75202.[1]

3.      Defendant Matthew Menzies Lee ("Lee") is an individual resident of Travis County, Texas. Lee may be served with summons at 2400 Tower Drive, Austin, TX 78703.

## II. JURISDICTION AND VENUE

4.      This Court has original jurisdiction over the claims because Plaintiff has asserted claims arising under the federal Fair Labor Standards Act and the Civil Rights Act of 1866. This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. §1367 because those claims are so related to his FLSA claims and employment with Austin Gelato Partners generally that they form part of the same case.

5.      Venue is proper in the Western District of Texas, Austin Division, because a substantial portion of the events forming the basis of the suit occurred in this district and division.

## III. FLSA COVERAGE

6.      At all material times, Defendants have acted, directly or indirectly, in the interest of an employer with respect to Plaintiff pursuant to the Fair Labor Standards Act ("FLSA"). At all times hereinafter mentioned, Defendants have been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

---

[1] The "Zip+5" zip code provided by Austin Gelato Partners upon registration with the Texas Secretary of State appears to be incorrect, as the correct *Zip+4* for that address is 78703-2324. The summons will be served at the address in zip code 78703 or whether Defendant Lee may be located.

7. At all times hereinafter mentioned, Defendant Austin Gelato Partners, LLC has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

8. At all times hereinafter mentioned, Defendant Austin Gelato Partners, LLC has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA (29 U.S.C. § 203(s)(1)), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level).

9. At all times hereinafter mentioned, Plaintiff was an individual employee who was engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

## IV.  FACT ALLEGATIONS

10. Rivas is a Mexican national. He has a Bachelor's of Science degree in Chemical Engineering from Tecnológico de Monterrey and a Master's in Business Administration from the McCombs School of Business at the University of Texas at Austin. He has done substantial work in the United States as a business professional and executive.

11. Rivas and Defendant Lee became friends when the two were MBA students at UT Austin.

12. Lee is the manager of Austin Gelato Partners, which manufactures and distributes Tèo Gelato, primarily to HEB, Central Market, Fresh Market, and UNFI grocery stores. Austin Gelato Partners may also be referred to as "Tèo Gelato" in this proceeding.

13. In or around July 2021, Lee asked Rivas to come to Austin on a Temporary Worker visa to be Tèo Gelato's Director of Operations, at a pay rate of $60,000 per year. Rivas first came to Austin to familiarize himself with the company's operations in anticipation of receiving a TN visa.

He was at the facility from on or about August 2-14, 2021, and from on or about September 5-29, 2021. During that time, Lee had Rivas perform various labor duties at the facility. No pay for Rivas was discussed in advance of his coming to Austin. However, after Rivas returned to México in late September 2021, Lee told Rivas to invoice him for the time Rivas spent working at Tèo Gelato during those visits. Furthermore, Lee asked Rivas to work for two hours a day for Tèo Gelato remotely from Ciudad de México until the TN visa application was approved and Rivas could return to Austin with a TN visa in place. Between August 2, 2021 and December 18, 2021, Rivas believes he worked 412 hours for Tèo Gelato. Based on his ultimate salary offer of $60,000 per year, he calculated a consulting rate of $31.25 hour and has since invoiced Tèo Gelato for that time, for a total of $12,875.00.

14.     On or around November 26, 2021, Tèo Gelato submitted a STATEMENT IN SUPPORT OF PETITION TO CLASSIFY NONIMMIGRANT AS TEMPORARY WORKER to the United States Government. The application for a temporary work visa included a copy of the Employment Agreement between Austin Gelato Partners and Rivas. The application was approved. The application and Employment Agreement are attached to this lawsuit as Exhibit 1.

15.     The Employment Agreement between the parties provides a list of duties for the position of "Engineer" or "Engineer Operations Director." The Employment Agreement further identifies the relationship between Austin Gelato Partners and Rivas as an "independent contractor" relationship, although ultimately Rivas was clearly working in an employee capacity, very much subject to the control of Lee and the company. The Employment Agreement also promised Rivas an annual salary of $60,000. The Employment Agreement also required either party to give 30 days' notice for terminating the relationship, absent the mutual agreement of the parties.

16.     Rivas came to Austin once again on December 18, 2021, and began his employment with Austin Gelato Partners on or about December 20, 2021. By the first pay date in January 2022, Lee was already telling Rivas that he didn't have the money to pay him his paychecks.

17.     During his employment, Defendant Lee was responsible for decisions concerning Rivas's pay and otherwise directed and supervised Rivas for the majority of his employment.

18.     For the first 2-3 weeks of Rivas's employment, Rivas appeared to be working in the capacity of Director of Operations, as previously represented by Lee to Rivas and the United States Government. However, after that initial period of time, Rivas was essentially relegated to almost exclusively performing line worker duties, including creating mixes, closing lids, preparing packaging, and cleaning floors. And, throughout his employment, he had the additional responsibility of translating English/Spanish between Lee and the production workers, which were almost exclusively made up of Spanish-speaking undocumented immigrant workers.[2] Rivas continued with these duties throughout the remainder of his employment, and contends below that he was not exempt from the overtime provisions of the Fair Labor Standards Act as a result of the manual job duties required of him following his initial three weeks of employment, as well as due to Defendants' failure to pay him on a salary basis.

19.     Rivas typically worked from roughly 8:00 a.m. to 8:00 p.m., Monday through Friday, and many Saturdays, Sundays, and holidays. Lee was directly or constructively aware of the hours that Rivas was putting in on the job. At the time of filing of this lawsuit, Rivas estimates that he worked

---

[2] This is despite the fact that HEB's Supplier Code of Conduct requires Tèo Gelato to comply with all labor and employment laws, including "implement[ing] hiring practices that accurately verify workers' lawful eligibility to work" in the United States. In addition, the Code of Conduct requires Tèo Gelato to "compensate all workers with wages, overtime pay, and benefits that meet or exceed all applicable legal standards," which would have included Plaintiff Rivas.

at least 745 hours of overtime hours during his employment there.[3] Rivas was never paid an overtime premium for hours over 40 worked in a workweek.

20. However, Austin Gelato Partners never paid Rivas a salary, as promised. Austin Gelato Partners paid Rivas approximately $10,700 in total on three irregular occasions (one $1,200 payment, one $7,500 payment and one $2,000 payment),[4] never in accordance with the actual salary amounts due or the proper salary pay dates required by Texas law. Rivas was certainly never paid an overtime rate for overtime hours, and he was denied even a basic minimum wage for the majority of his employment.

21. On or about August 21, 2021, Rivas met with David Forchione, a sales development professional at Tèo Gelato, at Little City Coffee at the junction of 290 and South Mopac in Austin. As part of that discussion, Rivas complained to Forchione about how he was wasn't being paid and was working significant overtime hours on an unpaid basis.

22. Upon information and belief, Forchione told Lee about that discussion and Rivas's complaints. Around that time, Lee told Rivas to report directly to Forchione, with Lee saying that he didn't want to deal directly with Rivas anymore. Furthermore, going forward after August 21, 2021, Rivas would be sent home earlier than normal to avoid accruing overtime hours.

23. On or about September 14, 2022, Lee acting on behalf of Austin Gelato Partners terminated Rivas's employment, with no advanced notice or reason given, and in close proximity to Rivas's complaints about working significant unpaid overtime hours.

24. Forchione and Rivas were both concurrently being treated as independent contractors by Defendants. Forchione is white/Caucasian, as is Lee. Rivas is Hispanic. Upon information and

---

[3] Any numerical estimates and figures may be revised through discovery in this case.
[4] Prior to discovery, Rivas is not certain of the exact amounts, and states these amounts based on his information and belief as the most likely amounts based on his best recollections.

belief, Lee consistently paid Forchione according to the terms of the compensation agreement between Forchione and Austin Gelato Partners. At the same time, Lee chose not to comply with Austin Gelato Partners' pay agreement with Rivas. Upon information and belief, Rivas believes that he was taken advantage of by Lee and treated less favorably than Forchione because Rivas is Hispanic.

## V. CAUSE OF ACTION ONE: VIOLATIONS OF THE FAIR LABOR STANDARDS ACT (OVERTIME)

25. During the relevant period of three years prior to the filing of this complaint, Defendants violated the provisions of Sections 6 and 7 of the FLSA, 29 U.S.C. §§ 206-7, as well as 215(a)(2), by employing Plaintiff in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as previously stated, for workweeks longer than 40 hours, without compensating Plaintiff for all of his compensable work in excess of forty hours per workweek at a rate of no less than one-and-a-half times the regular rate for which he was employed. Defendants have acted willfully in failing to pay Plaintiff in accordance with the law. Plaintiff is entitled to all back overtime wages due, liquidated damages in an amount equal to the amount of unpaid overtime compensation due, attorney fees, pre- and post-judgment interest, and court costs.

## VI. CAUSE OF ACTION TWO: VIOLATIONS OF THE FAIR LABOR STANDARDS ACT (MINIMUM WAGE)

26. During the relevant period of three years prior to the filing of this complaint, Defendants violated 29 U.S.C. §§ 206 et seq. of the Fair Labor Standards Act by failing to pay Plaintiff at an hourly rate that meets the federal minimum wage of $7.25/hour. Plaintiff is entitled to all back minimum wages due, liquidated damages in an amount equal to the amount of unpaid minimum wages due, attorney fees, pre- and post-judgment interest, and court costs.

## VII. CAUSE OF ACTION THREE: BREACH OF CONTRACT

27.     Defendant Austin Gelato Partners and Plaintiff had a written agreement to compensate Plaintiff at a rate of $60,000 per year for his work for the company. Defendant Austin Gelato Partners breached that agreement by never paying Plaintiff in accordance with that agreement, denying him tens of thousands of dollars in promised compensation, including failing to pay him while he was employed and failing to pay him for an additional 30 days due to the lack of advanced notice of termination. To the extent that Defendant Austin Gelato Partners claims that it deducted any amounts from Plaintiff's pay, Defendant Austin Gelato Partners would have done so in violation of Texas Labor Code §61.018, which prohibits deductions from an employee's pay (other than legally required withholdings) absent a written agreement signed by the employee authorizing such deductions. Therefore, those deductions would not be allowed by law. Rivas is entitled to all damages allowed by law, including actual, consequential, and compensatory damages, as well as attorney fees, court costs, and pre- and post-judgment interest at the highest rates allowed by law. In the event that the Court determines that no contract exists with respect to any amounts claimed by Rivas in this lawsuit (including unpaid amount for work prior to December 18, 2021), Rivas claims a right to such amounts on a *quantum meruit* basis, as well on the basis that it would be unjust to enrich Austin Gelato Partners based on Rivas's "free" work.

## VIII. CAUSE OF ACTION FOUR: UNLAWFUL RETALIATION FOR OPPOSING UNLAWFUL PRACTICES UNDER THE FAIR LABOR STANDARDS ACT, 29 U.S.C. § 215(A)

28.     By the allegations described above, Defendants violated Plaintiff's rights under the Fair Labor Standards Act of 1938, which makes it unlawful to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to the FLSA. This includes oral complaints

opposing the employer's failure to pay wages that would satisfy the minimum wage and/or overtime provisions of the FLSA. *See Maynor v. Dow Chem. Co.,* 671 F. Supp. 2d 902, 925 (S.D. Tex. 2009). Against Defendants, Plaintiff seeks economic, compensatory, and punitive damages at the highest amounts allowed by law. He further seeks liquidated damages. He further seeks reinstatement, or in lieu or reinstatement, front pay, as well as attorney fees, costs and pre- and post-judgment interest at the highest rates allowed by law.

## IX. CAUSE OF ACTION FIVE: VIOLATION OF 42 U.S.C. §1981 (RACE DISCRIMINATION)

29.     42 U.S.C. § 1981 states, in relevant part, that "[a]ll persons within the jurisdiction of the United States shall have the same right in every State...to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens... ." Defendants Austin Gelato Partners and Lee violated Rivas's rights by engaging in discrimination against him because of his race, Hispanic, and treating him a demonstrably worse fashion because of his race than a similar situated white/Caucasian in the terms and conditions of Rivas's employment, including in terminating Rivas.[5] Defendants are liable to Rivas for all damages allowed under law, including all economic, compensatory, and exemplary damages, attorney fees, court costs, and pre- and post-judgment interest at the highest rates allowed by law.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff Rivas requests that:

a.     The Court assume jurisdiction of this cause and that Defendants Austin Gelato Partners, LLC and Matthew Menzies Lee be summoned to appear; and

---

[5] Where multiple theories concerning Rivas's illegal termination are pleaded, they are pleaded in the alternative of one another.

*Rivas v. Austin Gelato Partners, LLC et al / Plaintiff's Original Complaint*

b.	The Court award damages to Rivas as specified above, including economic, compensatory and non-compensatory damages, as well as liquidated damages and exemplary damages, attorney fees, costs, pre- and post-judgment interest, and any other relief (equitable or otherwise) allowed by law that the Court may deem proper.

Respectfully submitted,

*Kerry O'Brien* (signature)

**Kerry V. O'Brien**
Texas Bar No. 24038469
Board Certified in Labor & Employment Law by the TBLS



1011 Westlake Drive
Austin, Texas 78746
email: ko@obrienlawpc.com
phone: (512) 410-1960
fax: (512) 410-6171

**COUNSEL FOR PLAINTIFF RIVAS**